UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JASON CALVERT                    ]
      Plaintiff,                 ]
                                 ]
v.                               ]          No.3:13-1364
                                 ]          Judge Trauger
DAVIDSON COUNTY SHERIFF'S        ]
OFFICE, et al.                   ]
      Defendants.                ]


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office; Aramark, the company under contract to operate the Commissary at the Criminal Justice Center; and Global Tel, the company that issues calling cards to the inmates and activates them; seeking injunctive relief and damages.

On May 1, 2013, the plaintiff purchased a calling card from the Commissary at the Criminal Justice Center for $27.31. The calling card would not work. For the past seven months, the plaintiff has been attempting unsuccessfully through the grievance process to have the defendants either replace the calling card or refund his money. The plaintiff believes that the defendants' refusal to resolve this matter is a violation of his constitutional

1

rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981).

The plaintiff's claim is essentially one for the loss of personal property, i.e., the money he spent purchasing a defective calling card. A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id.*, even if the loss of property was the result of intentional misconduct. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984).

This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. <u>McLaughlin v. Weathers</u>, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the plaintiff has failed to state a claim upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte.* 28 U.S.C. §

1915(e)(2). Accordingly, an appropriate order will be entered dismissing the instant action.

_____
Aleta A. Trauger
United States District Judge